### KENNELLY v. FREDERICK STARR CONTRACTING CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1918. On Reargument, April 10, 1918.)

No. 107.

1. APPEAL AND ERROR ⊚⇒173(1)—REVIEW—SCOPE.
    The defense that respondent, who chartered a scow, was liable only for injuries resulting from negligence, the charter being a demise, cannot for the first time be raised on appeal from a decree for the owner.
2. APPEAL AND ERROR ⊚⇒750(1)—ASSIGNMENTS OF ERROR—WAIVER.
    On appeal by the charterer from a decree in favor of the owner for injuries to a scow where the charterer asserted that recovery should have been allowed only in so far as the owner was not insured, such contention

---
⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was equivalent to an abandonment of any point except the question of insurance, and an assignment of error cannot be construed to raise the contention that the charterer was liable only for negligence.

3. SHIPPING ☞54—CHARTERS—INJURY TO VESSEL—INSURANCE.

Where the parties to a charter agreed that if the scow was sent out of the harbor limits the charterer should pay the additional premium for insurance, and, the scow being sent out of the harbor limits, the owner took out additional insurance for which the charterer paid, such insurance cannot be deemed to have inured to the benefit of the charterer and to limit the owner's recovery to compensation for injuries to the scow not covered by insurance.

Ward, Circuit Judge, dissenting in part.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Dennis A. Kennelly against the Frederick Starr Contracting Company. From a decree for libelant, defendant appeals. Affirmed.

Harrington, Bigham & Englar, of New York City (T. Catesby Jones, of New York City, of counsel), for appellant.

Macklin, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for appellee.

Before WARD and ROGERS, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. The libel alleges that the libelant April 9, 1915, chartered the scow John B. Kennelly to the Frederick Starr Contracting Company for $5 a day, to be under the charge, control, and care of the charterer while in its service and to be returned in as good condition as when received, ordinary wear and tear only excepted.

The answer admits chartering the boat along with the owner's captain at $5 per day and alleges that the charter was not a demise.

There is no proof of any agreement to return in as good order and condition as when received, ordinary wear and tear only being excepted, and there is proof that the navigation of the boat was in control of the charterer. Therefore we find that the charter was a demise and the charterer liable as bailee only for damage to the boat attributable to its own negligence or to that of other persons for whom it was responsible. Monk v. Cornell Steamboat Co., 198 Fed. 472, 117 C. C. A. 232.

There was a subsequent agreement that if the scow was sent out of the harbor limits the charterer should pay the additional premium for insurance. It did send the boat outside the limits, and the owner, being advised of the fact, took out the additional insurance, for which the charterer paid the premium.

On or about April 26th, the scow was injured while at anchor in Pelham Bay, outside the harbor limits, by being carried on a rock in a very high wind and without the negligence either of the captain or of the charterer.

The answer sets up as a separate defense that the libelant had collected his damages from the underwriters and that the agreement of the parties was that the insurance was to inure to the benefit of the

charterer. The charterer does not defend on the ground that the underwriter and not the libelant is the real party in interest, in whose name suit should always be brought (Fretz v. Bull, 12 How. 466, 13 L. Ed. 1068) and that payment to the libelant with notice of that fact might not protect it against a subsequent claim by the underwriter, but on the ground that the insurance was to protect it as well as the owner.

There is no evidence of this, and when the libelant offered the policy in evidence it was excluded upon the charterer's objection. As the charterer was not liable for the damage, the underwriter could not recover against it in any event

The decree is reversed.

## On Reargument.

PER CURIAM. [1-3] A majority of the court think that the issue of negligence in this case was not presented by the appellant originally and that we should not take that point for him on this appeal, regardless of the merits. It is true that in the proceeding he claimed below that he had not been negligent in leaving the scow as he did, but the assignments of error were not sufficient to raise the point except by what we think to be an undue extension. The only assignment of error which can in any sense be said to raise it is the first, that "the District Court erred in finding respondent was liable for the damages sustained by the libelant." If the case rested merely on that, we might hold that such an assignment was sufficient to raise the question of negligence, but it did not. Upon the first argument the point was not raised at all, and at the conclusion of his proof at page 11 the appellant said in speaking of the judge below, "He should have allowed a recovery against the respondent-appellant only in so far as Kennelly was uninsured." This we consider equivalent to an abandonment of any point except the question of insurance, and upon that we all agree that the case is controlled by White v. Upper Hudson Stone Co., 248 Fed. 893, —— C. C. A. ——, decided December 11, 1917.

The decree will be affirmed, but without costs.