## CITY OF PONCA CITY v. LEWIS et al.

### No. 26899.   Sept. 8, 1936.

R. O. Wilson and Felix Duvall, for plaintiff in error.

W. K. Moore, T. J. Sargent, and I. D. Ross, for defendants in error.

CORN, J.  This is an appeal from a judgment for damages based upon a verdict of the jury in a proceeding to condemn, under the eminent domain statute, certain lands for public use.

The proceedings were commenced by the city of Ponca City in the district court of Kay county against Emma Lewis and other heirs of C. V. Lewis, deceased, the purpose of which was to acquire 215¼ acres of land needed by the city upon which to construct and maintain a lake as a reservoir for the

city's water supply. Commissioners were appointed, who viewed the premises and made an award. The defendants were not satisfied with said award, and demanded a jury trial upon the amount of damages sustained by reason of the taking of said land. The matter was tried to a jury, resulting in a verdict in favor of the defendants in the sum of $20,000. Judgment was entered accordingly, and the plaintiff appeals.

The plaintiff in error contends that the verdict of the jury in favor of the defendants for $20,000 is not supported by the evidence and is contrary to the evidence, and that the damages awarded are excessive, appearing to have been given under the influence of prejudice.

Several witnesses were called on each side of the case to testify as to the damages sustained by the defendants by reason of the taking of said land by said city, and these witnesses estimated the damages from about $10,000 to about $30,000, the plaintiff's witnesses giving the lower estimates and the defendants' witnesses giving the higher estimates. It appears that the land taken was carved out of a 400-acre tract, leaving the remainder of the tract irregular in shape. The farm had two sets of improvements, each consisting of house, barn, well, and other improvements such as go to make a well-improved farm, and both of these sets of improvements were situated upon the land taken.

Witnesses who were familiar with the land gave a detailed description of the kind and quality of the soil, the kind of crops grown thereon, and the kind of timber grown upon a portion of the land, and a description of the improvements on the land. In addition to this testimony, large photographs giving a panorama view of the land, and others giving a close-up view of the improvements, were introduced in evidence. It also appears from the record that the land is only a short distance from the corporate limits of the city of Ponca City and that it is in the immediate vicinity of the well-improved Marland Estate. In arriving at the market value of the property before and after the taking, none of the witnesses were able to cite any recent farm sales in that vicinity, but we think that practically all of the witnesses were qualified to testify as to the value of the land by reason of their long residence in that community and of their personal knowledge of the land.

The amount allowed by the jury amounts to about $93 per acre for the land taken, including the improvements, and excluding any damages to the remainder of the tract. From a careful study of the record we are unable to find anything to indicate that the verdict was obtained through passion or prejudice. In fact the case was carefully, ably, and fairly tried by counsel on both sides and the case was submitted to the jury under proper instructions by the trial court.

In the case of Champlin Refining Co. v. Donnell, 173 Okla. 527, 49 P. (2d) 208, where the disparity of values as given by the witnesses was even greater than in the instant case, Mr. Justice Riley, speaking for this court, commented as follows:

"Somewhere between these extremes lies the truth. It was for the jurors to determine from the evidence.

"The award might appear to be high, but the question presented for our consideration is not what our own conclusions from the evidence would be, but whether the conclusions reached by the jury, as expressed in the verdict, should stand. It has been said that:

" 'An appellate court should hesitate before setting aside the verdict of a jury in a condemnation case, and it will only make such order when it clearly appears that the verdict is unjust and unsupported by any competent evidence. * * * On a pure question of fact such as here presented * * * their verdict should not be disturbed except for the want of competent evidence to support it.' City of Seattle v. Littell (Wash.) 104 P. 133. Such in effect is the rule in Oklahoma."

In the case of Champlin Refining Co. v. Donnell, supra, it is also stated:

"The rule in this class of cases is the same as in other cases where questions of fact are involved.

"This court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property for public use. To do so would be to destroy the jury system and right of trial by jury guaranteed by the Constitution."

It is also contended that the court erred in refusing the request of plaintiff that the jury be permitted to view the premises.

A view by the jury of property, the subject of the action, is discretionary with the trial court, and his ruling thereon will not be reversed on appeal in the absence of a showing of abuse of discretion. Section 361, O. S. 1931; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 P. 934, and Champlin Refining Co. v. Donnell, supra.

It is pointed out by defendants in error that the trial of the case occurred several months after the city had taken possession of the land, and that at the time of the trial the timber had been cleared off and other changes had been made in the physical condition of the land. In view of the record in this case we cannot say that the court abused its discretion in refusing the request that the jury be permitted to view the premises.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and PHELPS, JJ., concur.