**STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,**

v.

**Jake WEAVER, Defendant in Error.**

No. 36469.

Supreme Court of Oklahoma.

May 15, 1956.

**550**

LeRoy Powers, Finis O. Stewart, A. A. Schreiber, Oklahoma City, for plaintiff in error.

Fred W. Whetsel, Geo. L. Hill, Mc-Alester, for defendant in error.

PER CURIAM.

In this proceeding in condemnation the State of Oklahoma, ex rel. Department of Highways as plaintiff, appropriated a strip of land for a roadway across the cattle ranch of the defendant, Jake Weaver.

After the commissioners appointed by the court to appraise the damages had filed their report, the defendant demanded a jury trial which resulted in a verdict and judgment in favor of defendant for $8,000 damages and plaintiff brings this appeal.

To reverse the judgment, plaintiff first contends that the court erred in admitting

certain testimony bearing upon the measure of damages. The testimony objected to concerned the cost of erecting a fence on either side of the highway and the cost of constructing additional stock ponds in order to make the ranch usuable for its original purpose, all of which was made necessary when the road divided the ranch.

It was stated by two of defendant's witnesses, without objection, that the fair market value of the ranch immediately before the road was put through was $50,000 to $51,000, and that immediately after the road was constructed, its fair market value was $40,000 to $42,000.

But plaintiff's objections were directed to the testimony of another witness, Gillham, who stated that the market value of the ranch was $50,000 before the road was constructed and $45,000 after the road was constructed. The witness was then permitted, over plaintiff's objection, to state that the difference of $5,000 in the market value, as thus fixed by his estimation, did not include the cost of fencing and rebuilding the stock ponds. The witness was also permitted to testify as to the amount of expense necessary for these items.

It is argued by plaintiff that this expense, if taken into consideration, would constitute double damages and that the testimony concerning it was inadmissible.

■ The measure of damages in this class of cases, where only a part of the land is taken by condemnation, is the difference between the fair market value of the property immediately before the taking and the fair market value of the portion left immediately after the taking. Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R. 157; State ex rel. State Highway Commission v. Anderson, 203 Okl. 683, 226 P.2d 398. This measure of damages embraces all the various elements of damages which may be considered in making up the total of damages allowable in such cases. The trial court so instructed.

■ Applying the rule to the instant case, the damages to the defendant's ranch would be the difference between its fair market value immediately before the road was constructed and its fair market value immediately after the road was constructed, and before such value had been increased by the construction of fences and stock ponds.

■ After this witness had stated his opinion that the ranch had a market value of $45,000 after the road went through, he was permitted to state that his opinion was based on its condition after the fences and ponds were constructed and he was permitted then to state his opinion of the cost of those items to establish the total amount of depreciation in value caused by the roadway. This was not the proper manner in which to establish the amount of damages. But the testimony is not subject to the objection made by plaintiff, that it was evidence of double damages, and in view of other competent evidence which amply supported the jury's verdict, we conclude that no prejudice resulted from its admission.

■ Plaintiff further complains that the witness, Autrey, was permitted to testify that the cost of operating defendant's property as a cattle ranch would be twice as high with a highway running through it. It is argued that the additional cost of operating the ranch was not a proper element of damage to be considered by the jury.

In this connection plaintiff invites our attention to Wilkerson v. Grand River Dam Authority, 195 Okl. 678, 161 P.2d 745, 746, in which this court held in the third paragraph of the syllabus:

"While all beneficial uses to which land may be put are proper to be shown and considered in a determination of the value of the land taken or injured in an eminent domain proceeding, evidence to establish additional damage is not permissible and is properly excluded."

In the instant case, however, the evidence objected to by plaintiff did not tend to prove an additional damage above and beyond that embraced in the decrease in market value of the land. In answering plaintiff's argument, it must be borne in mind that the defendant had offered formal proof of the difference in the value of the property before and after the roadway was taken.

The higher cost of operating the ranch after it was divided by a highway was a contributing factor accounting for its decreased market value and, as such, it was a proper matter for the jury's consideration.

It is next urged by plaintiff that a new trial should be granted because of two questions propounded to defendant's witness, Coblentz.

The witness, a banker in the community, had first stated that he was not familiar with defendant's ranch.. He was then asked to state his opinion, based upon his experience as a banker, as to whether the building of the highway through the ranch damaged its market value and he was asked to state his opinion as to the percentage of damage the highway would cause.

Objections to both questions were sustained by the court, but the plaintiff contends that the questions were so highly prejudicial as to constitute grounds for a new trial.

We do not agree. The questions propounded suggested only that the value of the property had depreciated as a result of the highway passing through it. Competent evidence tending to prove such depreciation had been properly presented to the jury by witnesses qualified to state their opinions upon the point. Although the witness, Coblentz, was not a qualified witness to state his opinion, not being familiar with the value of that particular property, the questions propounded did not suggest to the jury the existence of any damaging fact which was not a proper subject for the jury's consideration.

The rule applicable to the question raised here was announced by this court in Jenkins v. Davis, 111 Okl. 191, 239 P. 135, wherein the court held in the third paragraph of the syllabus:

"In order for misconduct of counsel in propounding certain questions to a witness to effect a reversal of the judgment, it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining."

It is finally contended by plaintiff that the court erred in refusing to declare a mistrial on the ground of misconduct of defendant's counsel in his attempt to introduce incompetent testimony.

C. T. Sharp, called as a witness by defendant, owned a tract of land adjoining that of defendant, and the same highway which was constructed through defendant's ranch extended on through Sharp's property. Sharp had reached an agreement with the Highway Department as to the price he should receive for the right of way, and upon receiving the amount agreed upon, had voluntarily granted an easement and no condemnation proceedings had been filed against him.

Defendant's counsel offered to prove by Sharp the amount which he had been paid for the right of way. The offer was rejected by the court and a lengthy discussion followed in the presence of the jury concerning the admissibility of the proffered testimony.

But plaintiff does not point out wherein it was prejudiced by the foregoing discussion. The record discloses that at no time was mention made of the price the witness received for his land.

In Oklahoma Ry. Co. v. State ex rel. Department of Highways, 205 Okl. 325, 237 P.2d 878, 881, this court, quoting from an earlier decision said:

"'The burden is upon the appellant to show that the error was prejudicial. Before such misconduct of counsel can result in a reversal of the judgment, it must appear that substantial prejudice resulted therefrom, and that the jury were influenced thereby to the material detriment of the party complaining.'"

After careful examination of the record in this case, we find that the jury's verdict was amply supported by competent evidence, and finding no substantial error, the judgment based thereon is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner CRAWFORD and approved by Commissioners REED and NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.