**MID–CONTINENT PIPE LINE COMPANY, a Corporation, Plaintiff in Error,**

**v.**

**Verna EMERSON and Olna Emerson, Wife and Husband, Defendants in Error.**

**No. 39749.**

Supreme Court of Oklahoma.

Oct. 2, 1962.

Rehearing Denied Nov. 20, 1962.

Application to File Second Petition for Rehearing Denied Jan. 8, 1963.

566

M. Darwin Kirk, J. P. Greve, Ben Hatcher, Tulsa, for plaintiff in error.

Hardin Ballard, Purcell, for defendants in error.

IRWIN, Justice.

Mid-Continent Pipe Line Company, hereinafter referred to as plaintiff, commenced proceedings for the condemnation of a pipe line right of way easement across forty acres of land owned by defendants. The report of the commission fixed the amount of damages at $1010.40. Plaintiff demanded a jury trial and the jury assessed the value at $954.00, and a judgment was rendered accordingly. Plaintiff perfected its appeal from the order overruling its motion for a new trial.

PROPOSITION I

Plaintiff contends the trial court erred in excluding its evidence relative to the fair cash market value of the property appropriated or taken by plaintiff, that is, the right of way easement. Plaintiff's theory is that the proper way to establish the damages sustained is to establish the value of the easement together with any consequential damage to the property not taken.

The evidence which was excluded by the trial court is as follows: Witness M's testimony that the value of the easement was $3.00 per rod; Witness B's testimony that the value of the easement was between $3.00 to $5.00 a rod including crop damages; and Witness G's testimony that the value of the easement was $6.00 a rod.

The pipe line easement contains approximately 78 rods. Under Witness M's testimony the total damages would have been $234.00; Under Witness B's testimony the sum of $312.00; and under Witness G's testimony the sum of $468.00.

Plaintiff was permitted to offer evidence as to the value of the land prior to taking and the value after taking. In addition to this plaintiff's Witness N was permitted to testify that the value of the easement was $78.00 and the damage by reason of laying the pipe line was $156.00 or a total sum of $234.00 for the easement or damages. Therefore two of the witnesses' testimony which was excluded exceeded the testimony admitted and the testimony of one was the same. The evidence excluded was cumulative to the testimony admitted so plaintiff was given the opportunity to present testimony relative to the value of the easement.

We have heretofore stated the rule in Condemnation Cases. In State v. Weaver, Okl., 297 P.2d 549, we held:

"Where a part only of a tract of land is condemned and damages are sought for the value of that taken and consequential damages to that not taken, the measure of damages is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the portion left immediately after the taking; * * *".

In Oklahoma Turnpike Authority v. Williams, 208 Okl. 577, 257 P.2d 1052, we said:

"As a general rule, the fair cash market value of the land taken under eminent domain is the value at the time of the taking together with such depreciation in the market value of the land not taken as may be reasonably anticipated to result from the taking. State ex rel. City of Ardmore v. Winters, 195 Okl. 243, 156 P.2d 798; Oklahoma Natural

Gas Co. v. Coppedge, 110 Okl. 261, 237 P. 592."

In Oklahoma Ry. Co. v. State ex rel. Department of Highways, 205 Okl. 325, 237 P.2d 878, we held:

"In condemnation proceedings the sole issue is the fair market value of the land taken and damage to remaining portion of tract, if any, and verdict of jury will not be disturbed if supported by any competent evidence."

■ In Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R. 157, Champlin condemned a pipe line right of way across defendants lands. The trial court sustained an objection to the following question, "What—in your opinion— would be the reasonable damage for the construction of the pipeline * * *?" Champlin contended the trial court erred in sustaining the objection. In holding that the trial court did not err in sustaining the objection, we said:

"* * * the form of the question propounded is objectionable. The ultimate question for the jury to determine in this class of cases is, the value of the land actually taken, and if less than the whole tract is taken, how much that portion not taken is diminished in market value in consequence of the taking. These values are to be determined with reference to what the land is worth for sale in view of the uses to which it might have been applied. "The evidence then should be as to the reasonable market value of the lands immediately before the taking and immediately thereafter."

And we held:

"It is not error to exclude evidence of a witness of his estimate of the amount of damages in a condemnation proceeding. This question is one for the jury. The evidence should be as to the value of the land immediately before and immediately after the taking."

■ Our examination of condemnation cases where only a portion of a tract is taken discloses that we have stated in various ways how the measure of damages may be proved and the measure of damages. However, we have consistently held, in substance, that where a part only of a tract of land is condemned and damages are sought for the value of that taken and damages to that not taken, the measure of damages is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the portion left immediately after the taking.

In the instant action the question presented is not whether the admission of the excluded testimony would constitute reversible error, but whether the trial court committed reversible error in excluding the testimony. As we have heretofore pointed out, the plaintiff was permitted to introduce evidence as to the value of the land prior to the taking and the value of that portion remaining after the taking, and we have said that the difference between them is the correct measure of damages. Plaintiff also presented evidence as to the value of the easement taken and as we previously pointed out, the testimony excluded was only cumulative to that admitted.

We can only conclude that the trial court did not err in sustaining the objection to the testimony offered by the plaintiff and so hold.

## PROPOSITION II

This proposition concerns the effect of a partial release of the pipe line easement after the plaintiff had constructed the pipe line and prior to the time of trial.

The facts disclose that plaintiff took or appropriated the easement on August 29, 1960, and on or about September 13, 1960, the pipe line was completed. On January 17, 1961, eight days before trial, plaintiff filed for record a "Partial Release of Right of Way Easement", wherein it released a strip 6 feet wide on the east side and a strip 11 feet wide on the west side.

Plaintiff requested the court to give an instruction which referred to this partial

release and which contained the following language. "You are further instructed that you shall take such partial release into consideration in arriving at the amount of your verdict herein." Plaintiff's theory is that the court should have instructed the jury to take the partial release into consideration and it was error to not give the instruction.

In the case of Epperson v. Johnson, 190 Okl. 1, 119 P.2d 818, we discussed at what time in a condemnation proceeding that a condemnor could abandon the proceedings when the possessory or proprietary rights of the land owner were not disturbed. However, in the instant case, plaintiff took possession of the entire easement, constructed its pipe line and without an agreement with the land owner, filed its partial release.

In Board of Commissioners of Pontotoc County v. Rayburn, 192 Okl. 624, 138 P.2d 820, we held:

"Actual possession by condemnor that will preclude abandonment of eminent domain proceedings is not a fugitive or temporary trespass, but such a possession as will give the landowner a vested right of compensation."

█ We therefore hold that where a condemnor of a pipe line right of way easement, pays into the office of the court clerk for the benefit of the condemnee, the damages as fixed by the commissioners, and enters into possession of the pipe line right of way easement and subjects the same to the purposes for which it was condemned, the condemnee becomes vested with the right of compensation for the entire pipe line right of way easement taken. We further hold that a subsequent release of a part of the interest taken, without agreement with the condemnee is purely voluntary on the part of the condemnor and such release does not reduce the amount of damages sustained by the original taking. We therefore hold the trial court correctly refused to give plaintiff's instructions.

Plaintiff's contention that the trial court erred in giving a certain instruction as to the measure of damages can not be sustained. This instruction substantially complies with the rule heretofore set forth in proposition I and we find no error therein.

The verdict and the judgment rendered thereon are supported by competent evidence, and finding no error in the record, the judgment of the trial court is affirmed.