John F. EBERLE and Helen C. Eberle, Husband and Wife, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 40013.

Supreme Court of Oklahoma.

Oct. 15, 1963.

John H. Cantrell, Cantrell, Douglass, Thompson & Wilson, Oklahoma City, for plaintiffs in error.

Paul Harkey, Oklahoma City, for defendant in error.

IRWIN, Justice.

On August 31, 1959, the State of Oklahoma, ex rel. Department of Highways, commenced condemnation proceedings in Cause No. 147895, against plaintiffs in error, hereinafter referred to as defendants, to condemn and acquire for highway purposes, a permanent easement covering approximately 109 acres across a 1040 acre tract of land owned by defendants. Commissioners were appointed and their report was filed on November 17, 1959. The value of the easement taken and damages to the

remainder of the tract were appraised at $25,000.00 by two of the commissioners and one of the commissioner's report listed them at $15,000.00.

On November 19, 1959, the State filed an objection and exception to the form, manner and content of the report for the reason it did not constitute a report as contemplated by law. On December 4, 1959, at 2:07 P.M., the State filed a dismissal of Cause No. 147895. On December 4, 1959, at 4:25 P.M., defendants filed a demand for a jury trial. On December 8, 1959, defendants filed their objection to the dismissal by the State and prayed that the court enter an order requiring the State to show cause why its purported dismissal should not be set aside, or in the alternative, why the State should not be required to reimburse defendants for their reasonable expenses and to have commissioners appointed to determine the damages already done to the lands of the defendants. Pursuant to defendants' application, the trial court issued its order and set the hearing for December 21, 1959.

No other proceedings were had until March 11, 1960, when the State filed its petition in Cause No. 149329, to condemn the identical easement described in the original action with a change in the construction plans. On March 28, 1960, the State filed its withdrawal of its dismissal filed in Cause No. 147895 and on said date, with both parties present, the trial court granted the State permission to dismiss Cause No. 149329 and the petition in that cause was ordered to be filed as an amendment to the original petition. The trial court found that by reason of the change in the construction plans set forth in the amended petition a new appraisal should be ordered and the same commissioners were appointed to make a new appraisement.

Pursuant to such order, on April 4, 1960, a new appraisement was made and the report of the commissioners filed wherein two of the commissioners appraised the damages at $26,000.00 and one commissioner's appraisal was $15,000.00. The State filed its demand for a jury trial and its objection

and exception to the report. Defendants also filed their demand for a jury trial. The State deposited the sum of $26,000.00 with the Court Clerk.

On November 6, 1961, the cause came on for trial. After the jury was empaneled, the attorney for defendants stated that the parties had stipulated as to the exact character of the property taken and further stated that "It is further agreed that the date of the taking was April 6, 1960. *And it is further agreed that there is no question that the jury demands were timely made by both parties.*" (emphasis ours)

The jury fixed the amount of recovery at $10,867.50 and judgment was rendered accordingly. Defendants perfected their appeal from the order overruling their motion for a new trial.

## PROPOSITION I

Defendants contend the trial court deprived them of their vested right to accept the first award when the trial court directed a reappraisal and thus afforded the State a new opportunity, already lost, to demand a jury trial.

Before determining this proposition, we should point out that neither the validity nor the form and manner of the commissioners' reports are an issue in this appeal, other than the procedural aspect in ordering the second appraisal after the State had filed its dismissal of the original action and filed another action condemning the same easement but with different construction plans.

We are committed to the rule that where the State, exercising powers of eminent domain, institutes condemnation proceedings and commissioners are appointed to make the appraisement and their report is filed, the condemnor is entitled to abandon the proceedings and decline to pay the assessed value of the land sought to be condemned, if the landowner's possessory rights have not been disturbed; and that actual possession by condemnor that will preclude abandonment of eminent domain proceedings is not a fugitive or temporary

trespass but such possession as will give the landowner a vested right of compensation. See Oklahoma Turnpike Authority v. Dye, 208 Okl. 396, 256 P.2d 438; and Board of Commissioners of Pontotoc County v. Rayburn, 192 Okl. 624, 138 P.2d 820.

■ Although defendants contend the State had gone into possession under the first award, the record does not sustain this contention. On December 4, 1959, when the State filed its dismissal, the defendants' possessory rights sufficient to give them a vested right in the award had not been disturbed and the State was entitled to file its dismissal or proceed with the proceedings. The State chose to dismiss the action. Subsequent thereto and with both parties being present in open court, the trial court ordered the dismissal be withdrawn and a new appraisement be made by reason of the change in the construction plans. Defendants did not object to the order nor did they file exceptions. After the new appraisement was made, the cause came on for hearing and the jury empaneled, both parties stipulated that the date of the taking was April 6, 1960, and "there is no question that the jury demands were timely made by both parties". In other words, defendants did not object to a new appraisement because of a change in the construction plans, but stipulated that jury demands were timely filed by both parties and proceeded to trial on the measure of damages, and now objects to the procedure.

We can only conclude that since the State had not disturbed the possessory rights of the defendants when it filed its dismissal, the procedure followed by the trial court, without objections but with the approval of both parties, protected the substantial rights of both parties. We therefore hold the State was entitled to a jury trial and the trial court did not err in this respect.

## PROPOSITION II

Defendants set forth several specifications of error which relate to the same ultimate complaint, i. e., the amount of the award is so shockingly inadequate and such a miscarriage of justice that it can not be permitted to stand. In this connection, defendants urge that the Constitution contemplates "adequate" and "full" compensation to an owner when his property is taken for public purposes; that the verdict of the jury was the result of passion and prejudice engendered by the State's witnesses; and that the instructions were inadequate though appropriate instructions were requested.

We agree with defendants that their property shall not be taken or damaged for public use without just compensation. See Article 2, Sec. 24, of the Oklahoma Constitution. Our laws provide a procedure whereby property can be taken for public use and how "just compensation" is determined. If the condemnor or the property owner is not satisfied with the award of the commissioners, either may have a trial by jury in a court of record. In the instant action, the measure of damages was submitted to the jury and it rendered its verdict.

In Oklahoma Ry. Co. v. State ex rel. Department of Highways, 205 Okl. 325, 237 P.2d 878, we held:

"In condemnation proceedings the sole issue is the fair market value of the land taken and damage to remaining portion of tract, if any, and verdict of jury will not be disturbed if supported by any competent evidence."

■ In Mid-Continent Pipe Line Company v. Emerson, Okl., 377 P.2d 565, we held:

"Where a part only of a tract of land is condemned and damages are sought for the value of that taken, and damages to that not taken, the measure of damages is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the portion left immediately after the taking."

■ In Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R.

157, we said that this Court will not substitute its judgment for that of the jury in matters of damages to be awarded for the condemnation of property for public use for to do so would be to destroy the jury system and right of trial by jury guaranteed by the Constitution.

It necessarily follows that if a jury is had in condemnation proceedings, the jury determines the amount of "just compensation" that an owner is entitled to receive and this Court on appeal, must determine if the verdict is supported by any competent evidence. If it is, the verdict of the jury will not be disturbed; if it is not, we will not affirm the judgment rendered on the verdict.

The evidence submitted on behalf of defendants concerning the difference between the value of the property before the taking and the value of the remainder was between $70,000.00 and $175,000.00. The State submitted evidence that the difference between the two values was between $4,905.00 and $7,013.47.

It is evident that the jury in rendering its verdict for $10,867.50, did not follow the measure of damages to the property placed thereon by defendants' witnesses who stated the amount to be between $70,000.00 and $175,000.00. It is also evident that the jury did not follow the measure of damages to the property placed thereon by witnesses for the State who stated the amount to be between $4,905.00 and $7,013.47. However, the verdict was within the amounts that the evidence tended to establish.

The trial court properly instructed the jury on the measure of damages where a part only of a tract is condemned and damages are sought for the value of that taken and damages to that not taken; and, although the easement divided the land owned by defendants there was sufficient evidence from which the jury could determine the difference between the fair market value of the whole property immediately before the taking and the fair market value of the portion left immediately after the taking.

The facts in the case of Champlin Refining Co. v. Donnell, supra, are somewhat similar to the facts in the case at bar. In that case Champlin instituted condemnation proceedings to condemn an easement for pipe line purposes. The owner was dissatisfied with the commissioners' report and appeared and demanded a jury trial. The jury returned a verdict in the sum of $4,000.00. Champlin appealed and claimed, inter alia, that the verdict was excessive and was rendered under the influence of prejudice.

The evidence submitted by the owner was to the effect that she was entitled to $88,000.00 in damages and the testimony of Champlin fixed the recovery from nothing to $500.00. In affirming the judgment for $4,000.00, we held:

"This court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property for public use."

In discussing the alleged excessiveness of the verdict we said:

"It appears then that the jury had some evidence before it of damages from nothing up to $88,000.

"It would be a credulous juror indeed who would believe the exaggerated estimate of the amount of her damage made by the owner or her principal witness. Defendant placed the difference in value of the land before and after the construction of the pipe line at $88,000. Her principal witness, Mr. Bradburn, placed it at about $40,000.

"On the other hand, no intelligent jury would believe the testimony of plaintiff to the effect that there was no appreciable change in value of the land, or that no damage whatever was caused by the appropriation of the land.

"Somewhere between these extremes lies the truth. It was for the jurors to determine from the evidence.

"The award might appear to be high, but the question presented for our con-

sideration is not what our own conclusions from the evidence would be, but whether the conclusions reached by the jury, as expressed in the verdict, should stand. It has been said that,

" 'An appellate court should hesitate before setting aside the verdict of a jury in a condemnation case, and it will only make such order when it clearly appears that the verdict is unjust and unsupported by any competent evidence. * * * On a pure question of fact, such as here presented * * * their verdict should not be disturbed except for the want of competent evidence to support it.' City of Seattle v. Littell et al., 55 Wash. 116, 104 P. 133, 134.

"Such in effect is the rule in Oklahoma. In Wichita Falls & N. W. Ry. Co. v. McAlary, 44 Okl. 326, 144 P. 583, it was held:

" 'In an action for damages sustained by a railroad right of way across one's premises, where four or five witnesses living in the vicinity of and well acquainted with the land have testified to the value of the land both before and after the railroad was built, and thereby fix the amount of damages sustained by the owner of the land, and the verdict of the jury is for an amount far less than the amount fixed by the witnesses, such verdict will not be disturbed because of lack of sufficient evidence to sustain same, and, in the absence of some showing to the contrary, it will not be disturbed on the ground that the jury was influenced by bias and prejudice and that the verdict was excessive.'

"The rule in this class of cases is the same as in other cases where questions of fact are involved.

"This court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property for public use. To do so would be to destroy the jury system and right of trial by jury guaranteed by the Constitution."

We can see no reason why the language set forth above in considering a case wherein it is contended that the damages are excessive, would not be appropriate in considering a case where it is contended the damages are inadequate. We conclude and hold that the verdict of the jury in the instant action is supported by competent evidence.

However, defendants urge that they are entitled to a new trial because the verdict was rendered under the influence of passion or prejudice. In this connection, defendants set forth several facts and circumstances, which they contend collectively indicate that the jury was unfairly influenced in rendering its verdict. These several facts and circumstances relied on by defendants will be set out and considered separately under Facts 1, 2, 3, 4, 5 and 6.

Fact 1. Defendant John F. Eberle was and is a practicing attorney owning a 1000 acre ranch near Oklahoma City.

There is no evidence in the record whatsoever that the jury was unfairly influenced because one of the defendants was a lawyer and it is beyond the comprehension of this Court that any jury would be prejudiced against any litigant by reason of a legitimate profession engaged in by a litigant.

Fact 2. The verdict of the jury was for $10,867.50 for all compensation, which was more than $14,000.00 less than the lowest two commissioners' awards, or approximately two-fifths of the amount of damages assessed by the commissioners who were experts; that the great disparity between the commissioners' award and the amount of the verdict is unusual and must be accounted for and the answer must be that the jurors were either mislead, guessed off defendants' rights, misconceived their duty or were influenced by bias or prejudice.

In Champlin Refining Co. v. Donnell, supra, we held that where a demand is made for a jury trial in a condemnation proceeding, the award made by the commissioners is not competent evidence to go

before the jury, and it is not proper to permit the jury to be informed of the amount of the award made by the commissioners.

It follows that where a trial by jury is had in a condemnation proceeding, the jury determines the damages from the evidence submitted and the award of the commissioners is not competent evidence. Since the award made by the commissioners is not competent evidence, we can not sustain a proposition which has the effect of urging that a disparity between competent and incompetent evidence establishes the fact that the jury was unfairly influenced.

Fact 3. State's counsel was guilty of improper argument calculated to engender bias and prejudice and which had that effect and the same was prejudicial and harmful to the rights of defendants.

Defendants set forth seven statements made by the attorney for the State to sustain this proposition. Of the seven statements, no objections were made to three of them; two were objected to and the objections were sustained; one was objected to and the objection was overruled and in one objection, the trial court did not sustain or overrule the objection but observed that "I think the jury will understand" to which the defendant did not object.

The objection that was overruled was brought about by the State's attorney stating there was an alternative way of determining the value of the entire tract, i. e., by the rule of thumb. This rule of thumb theory, as explained by the State's attorney, considers the taxes and the assessed valuation. Although the rule of thumb theory is not the proper way to establish damages in condemnation proceedings, and the objection should have been sustained, we can not say that such action constitutes reversible error. The trial court in its instructions, properly instructed the jury on the measure of damages that defendants were entitled to recover.

■ This Court has held that in order for alleged misconduct of counsel in argument to the jury to effect a reversal of a judgment, it must appear that substantial prejudice resulted therefrom and that the jury was influenced thereby to the material detriment of the party complaining. See Juckes v. Rogers, 206 Okl. 663, 246 P.2d 335.

■ Under Fact 3, defendants also submit that during the State's argument to the jury, one of its attorneys took one of its large cardboard exhibits, and on the back thereof wrote certain figures that the State's witnesses testified was the difference in value before and after the taking. These figures were $4,900, $5,600, $5,295 and $6,250. Defendants' counsel objected and the trial court stated, "It is alright for his argument. After his argument he can remove it".

Defendants contend this action was prejudicial because the exhibit, with the figures on the back, were allowed to go to the jury for its consideration. The exhibit appears in the record and an examination of it discloses the figures are on the back of the exhibit. Defendants cite Peoples Finance & Thrift Co. v. Ferrier, 191 Okl. 364, 129 P.2d 1015; and Negrate v. Gunter, Okl., 285 P.2d 194, to sustain their contention. In the Peoples Finance case, which was followed in the Negrate case, we held:

"Permitting a jury to take with them memorandum which bears upon the issues to be determined and which has not been introduced in evidence is error such as justifies the court in granting a new trial."

■ In the cited cases, the trial courts granted new trials and both cases were affirmed by this Court on appeal. In the instant action, the trial court denied defendants' motion for a new trial. In Billy v. Le Flore County Gas & Electric Co., 166 Okl. 130, 26 P.2d 149, we held:

"In the granting or overruling of a motion for a new trial, the trial court has a broad discretion. Its judgment will not be interfered with on appeal, unless it clearly appears that the trial court has abused its discretion. * * "

Title 12 O.S.1961 § 78, provides that the court, in every stage of the proceeding

must disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party and no judgment shall be reversed or affected by reason of such error or defect.

The figures placed on the back of the exhibit were the same figures concerning the difference in values that had been placed in evidence by oral testimony of the State's witnesses. It was not new evidence submitted. Although such figures should not have been placed on the exhibit and taken to the jury room, we can not conclude that such action affected the substantial rights of the defendants or that it clearly appears the trial court abused its discretion in overruling the motion for a new trial.

Fact 4. In the search for truth as to whether "just compensation" was awarded, the motivation and qualification of witnesses should be looked to by this Court. In this connection, defendants urge that every witness for the State was under some kind of compulsion, pressure or inducement and in effect were "minions of the State".

The record does not reveal that any of the witnesses were incompetent to testify and the jury was correctly instructed as to the value and weight to be given to the testimony of the witnesses. For this Court to hold under the facts in the case at bar that certain witnesses for the State were not qualified and their testimony should not have been admitted in evidence, or some of the witnesses were in effect "minions of the State", would be invading the province of the jury.

Fact 5. The jury were taxpayers.

Defendants do not contend that the jury was not selected and empaneled according to law nor do they suggest how the jury should have been selected other than the way they were selected in the instant action.

Fact 6. The trial court failed to give the instructions requested by the defendants.

The substance of two of the requested instructions were given by the trial court, and we have held it is not error to refuse to give a requested instruction when the matters therein sought to be submitted are properly, by general instructions, given by the trial court. See Meiling v. Michael, 182 Okl. 508, 78 P.2d 704; and Jones v. Spicer's Inc., 197 Okl. 574, 173 P.2d 421.

The other requested instruction had reference to the qualifications of a landowner to express an opinion concerning the value of land because of ownership. In this connection, one of the defendants was permitted to express his opinion as to the value of the land immediately before and after the taking. However, we can find no authority for supporting an instruction which has the effect of calling attention of the jury that the owner of land is qualified to express an opinion as to value by reason of his ownership and to so hold would be tantamount to approving an instruction which calls specific attention to the testimony of one witness. Therefore, the trial court did not err in refusing to give defendants' requested instructions.

We conclude and hold that the facts and circumstances discussed above do not collectively indicate that the jury was unfairly influenced in rendering its verdict.

## PROPOSITION III

In State's Supplemental Brief it is stated that during the pendency of this appeal, a question has arisen regarding the construction of Title 69 O.S.1961 § 46, when considered with Title 28 O.S.1961 §§ 49.1 and 49.2. The State has requested that this Court determine and hold that the provisions of Title 28 O.S.1961 § 49.1, have no application to the special proceedings in eminent domain conducted by the Department of Highways of the State of Oklahoma under Title 69 O.S.1961 § 46.

The amount of the Commissioners' fees and who should pay them and the issue presented in State's Supplemental Brief are not issues in the instant action. We therefore decline to determine the abstract ques-

tion of law presented by State in its supplemental brief.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, WILLIAMS and JACKSON, JJ., concur.