Eddie L. GASKINS and Eloise Gaskins, Husband and Wife, William R. Stanley and Juanita Oma Stanley, Husband and Wife, and D. K. Roach, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 41024.

Supreme Court of Oklahoma.

Feb. 21, 1967.

Charles D. Crandall and LeRoy Powers, Oklahoma City, for plaintiffs in error.

Thomas N. Keltner, Oklahoma City, for defendant in error.

McINERNEY, Justice.

This is an appeal by plaintiff in error, defendant in the trial court, from a jury

verdict in a condemnation action brought by defendant in error, plaintiff in the trial court, resulting in a judgment less than the Commissioners' report. Eddie L. Gaskins and Eloise Gaskins, husband and wife, and William R. Stanley and Juanita Oma Stanley, husband and wife, the fee simple owners of the property, will be referred to as defendants, D. K. Roach, lessee under a lease of the premises involved, as defendant unless otherwise designated as defendant lessee, and The State of Oklahoma, ex rel. Department of Highways as plaintiff, their respective positions in the trial court.

Plaintiff instituted this action to condemn certain property abutting U. S. Highway 281 in the City of Lawton, Oklahoma. A tract of land 250 feet in width, upon which was located a frame building known as the Southern Club, owned by the defendants and leased by the defendant lessee, was included in the widening of the highway and is the subject of this appeal. Commissioners were appointed and fixed the award at $20,095.00, which was deposited with the Court Clerk and drawn down by the defendants according to their various interests. Both parties demanded a jury trial, and the case proceeded to trial. The date of the taking of the property was fixed by the judge at pre-trial, and by agreement of the parties, as February 1, 1963.

The defendant Eddie Gaskins and three appraisers, together with the defendant lessee, testified for the defendants. The plaintiff presented the engineer employed by the Highway Department and three appraisers. The testimony of the various witnesses as to the value of the property, before and after the taking, was sharply conflicting, the defendants' evidence being in the range of a high of $70,000 to a low of $47,423 and the plaintiff's being from a high of $7,850 to a low of $6,967. This evidence was presented to the jury, and after instructions and argument, the jury returned a verdict fixing the amount of damages to the defendants at $8,850.00, the defendant lessee to receive $500 and the other defendants, the owners of the land, $8,350.00.

It is from this verdict that the defendants appeal. Although there were twelve grounds of error alleged in the motion for new trial and thirteen assignments of error alleged in the petition in error, including a ground not presented to the trial court in their motion for new trial; i. e., the Journal Entry not being correct, the defendants present only three propositions for reversal.

The propositions will be considered in the numerical order in which they were presented.

Defendants' first proposition is that the evidence relating to the valuation of defendants' property for tax purposes, elicited by plaintiff's attorney, was inadmissible and prejudicial. This general statement of the law is correct. The assessor must prepare a list of all real property in the county and then must fix a valuation thereon for tax purposes (68 O.S. 1961 § 15.52, now 68 O.S.Supp.1965 § 2471 (d)). The assessor's tax valuation is not admissible as evidence in a condemnation proceeding to determine the value of the property. Grand River Dam Authority v. Thompson, 187 Okl. 129, 101 P.2d 843; Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R. 157. But this general statement of the law and the error urged by the defendants do not apply in this case. Prior to the testimony complained of by the defendants, the defendant Gaskin, on direct examination, was asked "Your taxes were about what?", and answered "two hundred and something". The defendants then produced a witness, Raymond Green, who also testified on direct examination by defendants that the taxes were $213.89. The defendants elicited the valuation of defendants' property for tax purposes in the first instance. A party may not complain of the admission of evidence under these circumstances. Yellow Transit Freight Lines, Inc. v. Allred, Okl., 302 P.2d 985; H. F. Wilcox Oil & Gas Co. v. Jamison, 199 Okl. 691, 190 P.2d 807; Wood v. Kerr Dry Goods Co., 190 Okl. 197, 121 P.2d 992.

Defendants' second proposition is that plaintiff's witnesses Horecek and Grubb testified to the condition of the property four to five months after the taking and that this evidence was inadmissible and prejudicial. These witnesses for the plaintiff, just as the witnesses Knight and Looney for the defendants, testified they had not inspected the condition of the property on February 1, 1963; that they thought that the condition of the premises generally were similar in June, 1963 as on February 1, 1963, taking into consideration the obvious destruction of a portion of the improvements on the property. This was also the opinion of defendants' witness Green. This proposition is unsupported by any citation of authority in the brief, but merely asserted in general terms that the trial court erred. This is insufficient to present the assignment for review on appeal. Reed v. United States Hoffman Machinery Corporation, 193 Okl. 370, 143 P.2d 809; Erwin v. Harris, Okl., 371 P.2d 902.

The evidence presented concerning the amount of damages was conflicting. The probative value of the conflicting opinion testimony was for the jury's determination under proper instructions and will not be disturbed by this Court on appeal. Ponca City v. Lewis, 177 Okl. 390, 60 P.2d 727; Missouri-Kansas-Texas Railroad Co. v. Callison, Okl., 383 P.2d 696; Eberle v. State ex rel. Department of Highways, Okl., 385 P.2d 868.

Defendants' third, and last proposition is that the verdict of the jury fixes the defendants' recovery in the sum of $8,-850.00, of which the defendant lessee is to receive $500.00, while the Journal Entry recites that the plaintiff "previously deposited the sum of two thousand ninety-five and no/100 ($2,095.00) dollars which amount has already been drawn down, * * *" and then proceeds to adjust the difference between the jury verdict and the Commissioners' award which was deposited with the Court Clerk and drawn down by the defendants. This Journal Entry reflects an obvious typographical error of the amount actually deposited of $20,095.00 and the recitation of the amount "previously deposited * * * ($2,095.00)". The defendants approved the Journal Entry prior to its being submitted to the judge for his signature. The very purpose of securing written approval by counsel is to eliminate a later complaint regarding its terms. It is conceded in the brief by defendants that the figures in the Journal Entry are in error. There is no citation offered or argument urged in support of this third proposition. It will therefore be disregarded. Reed v. United States Hoffman Machinery Corporation, supra.

The defendant lessee further contends, without specifying as a separate proposition, that the trial court erred in giving Instruction No. 12. This instruction related to informing the jury that when there are different estates or interests in the property, the jury must first determine the entire compensation to be paid by plaintiff and then determine the portion of the total that the defendant lessee should receive. The defendants did not object to the instruction, did not request an instruction covering this fundamental issue required to be presented to the jury (12 O.S.1961, § 577) and did not endorse their exception at the close of the instruction (12 O.S.1961, § 578). This court will not review on appeal an alleged error in the giving of an instruction when the complaining party has not complied with these clear statutory provisions. Garret v. Lacquement, Okl., 306 P.2d 696.

Briefly noted, however, the gist of defendant lessee's complaint is that he was denied a hearing on his individual damages. The defendant lessee testified in regard to his lease, its value to him and the damage done to him by the taking. The plaintiff offered conflicting testimony. The defendant lessee had the opportunity to establish the value of his leasehold estate, and the fact that the jury awarded him only $500.00 as his damages indicates the weight and credit the jury gave his testimony. This finding of fact by the jury, based on conflicting testimony at the trial, will not be

·disturbed on appeal. Eberle v. State ex rel. Department of Highways, supra.

An examination of the record discloses that there is no error and that substantial justice has been done. The judgment of the trial court is affirmed.

All the Justices concur.