BOARD OF COM'RS OF PONTOTOC
COUNTY v. RAYBURN, Adm'r.

No. 31127. June 15, 1943.

138 P. 2d 820.

Wayne Lewis, County Atty., and J. W. Dean, Asst. County Atty., both of Ada, for plaintiff in error.

John E. Luttrell, and Herman E. Lautaret, both of Norman, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of plaintiff in the trial court, Charles R. Rayburn, administrator of the estate of W. H. Rayburn, deceased, and against the board of county commissioners of Pontotoc county. The action is in the nature of debt to enforce awards in condemnation proceedings. After the year 1917, and until his death, W. H. Rayburn owned lands located in separate sections at the east edge of the city of Ada. A public road had been in use on the south section line adjoining these lands since 1919. In 1940 the board of county commissioners joined in a WPA project to widen and improve the roadway adjacent to the lands involved, and a requirement of the project was an easement over the whole of the land sought to be improved by the proposed road. Being unable to reach an amicable settlement with the owner, the board of county commissioners commenced two condemnation proceedings for easements over strips of land 40 feet wide extending from the center of the section line and then owned by W. H. Rayburn in sections 34 and 35, respectively. A total of 2.21 acres of land was sought to be included in the easement, and of that amount .82 acres had been in use as a part of the old roadway for more than 15 years. Thus, 1.38 acres in additional amount was required. On May 21, 1940, commissioners theretofore appointed to appraise the land made separate reports fixing the compensation to the landowner in a total sum of $595. Claims were filed, together with costs of the proceedings, for compensation to the landowner. This compensation was disallowed, the board of county commissioners having in the meantime determined that the assessment, compensation, and damage was excessive and that it was to the county's interest that the project be abandoned. Thereupon this action was commenced, and thereafter at the following meeting the board of county commissioners adopted a resolution declaratory of its intention to abandon the project and to refrain from the use of any lands involved, save and except that constituting a part of the old roadway.

The county attorney filed motions to dismiss the condemnation proceedings, and set forth that the county had made no effort to take possession of the lands condemned, other than that constituting a part of the old roadway which had been used by the public for more than 15 years, and that as consequence no damage or compensation had accrued to the landowner. The trial court overruled these motions, and an answer was filed in plaintiff's action for debt, wherein there was pleaded by proper averment a title by prescription to the lands in use in the old roadway and the denial that possession had been taken by the condemnor of any additional land theretofore sought to be condemned. Upon the death of W. H. Rayburn the cause was revived in the name of the administrator, and judgment in the sum of $400 was rendered in his favor. A writ of injunction, sought by the landowner to prevent the continued use of the old roadway, was denied. The board of county commissioners has perfected its appeal.

This court is committed to the rule that where the landowner's possessory rights are not disturbed, an eminent domain proceeding may be abandoned, even after a jury trial and a verdict fixing the amount of compensation, but before final judgment. Epperson v. Johnson, District Judge, 190 Okla. 1, 119 P. 2d 818. In the cited case we followed the rule stated in 121 A.L.R. 12 et seq. that said proceedings may be discontinued at any time before rights of the parties have become reciprocally vested.

The defendant in error contends that there was no abandonment, but that the condemnor availed itself of the proceedings by an actual taking of plaintiff's land. Under this contention the defendant in error relies upon possession of the old roadway. But, according to the testimony of W. H. Rayburn, landowner, this roadway was opened in the year 1919 or 1920, and this part of the land sought to be condemned had been in adverse use by the public for more than 15 years. The law is well settled in this jurisdiction that an easement by prescription for public highways and roads may be established by public use for a period of 15 years. State ex rel. v. McCurdy, 171 Okla. 445, 43 P. 2d 124. By denial of the injunction sought by the landowner, the trial court recognized the above-stated rule of law, as well as the undisputed facts, making it applicable in the instant case. There is no merit in this contention.

Possession of additional portions of condemned lands is sought to be established in the county by evidence showing an occasional injury, as an incident to grading and draining of the roadway by the county's agent, of the fence dividing the road from the lands in dispute. This showing is insufficient, for actual possession required by the general rule prohibiting abandonment has been held to be not a temporary one but rather such as invests the condemnor with title and gives the landowner a vested right of compensation. 30 C.J.S. 11, § 335. The right of abandonment or dismissal is not lost by a mere wrongful or unlawful taking of possession. Idem; State Highway Commission of Kansas v. Phillips et al., 146 Kan. 78, 69 P. 2d 12.

It cannot be said that acts of a servant of a county in grading a road over which the county is entitled to an easement, even though by such acts there may be slight and occasional encroachments upon adjacent land, would bind the county to pay condemnation money for the adjacent land where there is no intent on the part of the county to take possession of that land.

In Enid & Anadarko Railway Co. v. Wiley et al., 14 Okla. 310, 78 P. 96, where a railway company entered upon lands under a license by statute, but revoked the right by subsequent dismissal of the proceedings and abandonment, it was held the right became lost and the trespasser became ab initio liable for damages.

In 121 A.L.R., page 72, the rule is stated that the actual possession by the condemnor that will preclude abandon-

ment is not a fugitive or temporary possession, but such a one as invests the donee of the power with title, and gives to the landowner a vested right of compensation.

There is no substantial evidence contained in the record to show that Pontotoc county at any time took possession of the lands sought to be condemned other than that of which it was entitled to title by prescription.

The judgment is reversed, with directions to dismiss.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, J., absent.