**CITY OF ARDMORE, a Municipal Corporation, Plaintiff in Error,**

v.

**Roy DONHAM and Opal Donham, Defendants in Error.**

No. 37882.

Supreme Court of Oklahoma.

July 2, 1958.

Rehearing Denied July 30, 1958.

T. Fred Collins, City Atty., Ardmore, for plaintiff in error.

Williams, Williams & Williams, by W. J. Williams, Ardmore, for defendants in error.

JACKSON, Justice.

Plaintiff, City of Ardmore, filed this action against Roy Donham and Opal Donham, defendants, to condemn a right of way approximately ¼ mile in length and 50 feet in width, for a water pipeline along the north side of Section 6, Township 4 South, Range 1 East, in Carter County, Oklahoma.

By reason of a branch or creek along the section line the east-west section line road has moved to the south encroaching upon defendants' land along the north side of section 6, so that a substantial portion of defendants' property, as originally described in the petition, is in the present road way.

Soon after the petition was filed, the trial court entered an order authorizing plaintiff to amend by interlineation so as to show the land involved to be "a strip twenty feet wide immediately adjacent to and south of the right of way of the county road *now* located upon the north line of said property." (Emphasis supplied.) The order recited that the purpose of such amendment was to settle a controversy as to the exact location of the property involved. It will be noted that this latter description clearly describes land to the south of the county road right of way as *now* located.

On December 3, 1956, the commissioners filed their report assessing the damages at $3,250. On December 10, 1956, plaintiff filed a dismissal of the action. On De-

cember 13, 1956, plaintiff laid the pipeline in the flow line of the bar ditch, on the south side of the present county road, and at varying distances of 8 to 33.7 feet north of defendants' fence line. The pipeline, for the most part, is located on defendants' land and is south of the section line easement provided by Act of Congress, but plaintiff claims that this land has become a part of the public highway by prescription.

On February 5, 1957, defendants filed a motion wherein they stated that the plaintiff had laid its pipeline on their land without paying the commissioner's award, and prayed judgment for $3,250, the amount of said award.

When defendants' motion came on for hearing, plaintiff objected to the introduction of evidence on the grounds that the case had been dismissed and abandoned. This objection was overruled.

Prior to judgment, plaintiff moved the court to deny defendants' motion on the ground that the pipeline had been laid on property which had become a part of the public highway by prescription, and that said pipeline did not constitute an additional burden upon the right of way so acquired  In the alternative, plaintiff moved that new appraisers be appointed to assess the damages to the land actually taken inasmuch as it was not the same land initially condemned and appraised.

The trial court found that plaintiff had failed to prove adverse user of the particular area appropriated for the requisite number of years, and awarded judgment in favor of defendants for $3,250, plus interest, the amount of the commissioner's award. Plaintiff appeals.

■ The first question for determination is whether the plaintiff discontinued and abandoned the proceeding. Under the rule announced in Oklahoma Turnpike Authority v. Dye, 208 Okl. 396, 256 P.2d 438, a condemnor has the right to abandon condemnation proceedings and decline to pay the damages assessed by the Commissioners. But that case further holds that

a mere dismissal is not equivalent to an abandonment. The question of whether there has been an abandonment is to be determined by the court. That question was properly raised in the instant case by defendants' motion for judgment.

■ As will be hereinafter discussed, we are of the opinion that the property described in the petition and appraised, was an entirely different tract than the land actually taken, but this does not necessarily mean that there was, in fact, an abandonment. If the line was laid on property owned exclusively by the defendants, in close proximity to the land described in the petition, an abandonment did not occur. A contrary rule would be onerous to the landowner in that it would force him to institute a new action in reverse condemnation, and of no particular advantage to the condemnor. Therefore, the question of whether an abandonment took place depends upon whether the line was laid on property owned exclusively by defendants, or upon property which had become a part of the public highway by prescription.

■ As hereinabove stated, the pipeline is located south of the section line easement at all points with one exception where the pipeline itself is slightly within the area reserved by Act of Congress. The gradual diversion to the south and away from the fixed easement resulted from erosion caused by a creek or canyon on the north side of the road. In order to prevail on the point under consideration, plaintiff had the burden of proving that the public use had extended as far south as the flow line of the bar ditch for fifteen years. Irion v. Nelson, 207 Okl. 243, 249 P.2d 107. The trial court found that such fact had not been established, and we cannot say that the evidence compels a contrary conclusion.

Plaintiff's evidence as to this issue merely established that the road has been in the same *general* location for the requisite number of years, and fell short of establishing that the use had extended as far south as the flow line of the bar ditch for

a period of fifteen years. On cross-examination the defendant, Roy Donham, did answer in the affirmative, as to whether the road had been used for more than fifteen years in its present location, but owing to the manner in which the question was framed, coupled with the balance of Roy Donham's testimony, which tended to qualify and contradict such answer, such testimony was not conclusive on this issue.

■ It follows from the above that there was no abandonment, and further that defendants are entitled to compensation for the land taken. However, in this connection, the trial court erred in awarding defendants compensation, based upon an appraisal of property other than that which was actually taken.

The original appraisal and award was for the taking of twenty-five feet south of the apparent road way *now* existing. Though plaintiff failed to prove that the bar ditch had become a part of the highway by prescription, there is no doubt that it is part of the apparent road way. It is also clear that the amended description in the petition covered the twenty-five feet south of and adjacent to the south bank of said bar ditch, and did not include the property actually taken. The trial court should have sustained plaintiff's motion for a new appraisal of the land actually taken.

The cause is reversed and remanded, with directions to order a new appraisal for the purpose of ascertaining the damages resulting from the actual taking. If there is a controversy as to the amount of defendant's land actually taken by the plaintiff, or if plaintiff desires an easement for maintenance purposes, these matters should be determined by appropriate proceedings prior to the appraisement.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, V. C. J., and HALLEY, J., dissent.