STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

George W. WATERS and Catherine Waters, husband and wife, Defendants in Error.

No. 39562.

Supreme Court of Oklahoma.

Oct. 16, 1962.

289

Court Pappe, Jr., Oklahoma City, for plaintiff in error.

J. Fred Green, Fred D. Green, Sallisaw, for defendants in error.

HALLEY, Justice.

This is an appeal from a judgment in condemnation proceedings instituted by plaintiff in error, as condemnor (hereafter called plaintiff), against defendants in error (hereafter called defendants).

The premises involved in this appeal is a triangular tract of land containing 0.06 acres in Adair County near Stillwell, Oklahoma, which will be referred to as Tract 2 as was done in the trial court. (In the plaintiff's petition two parcels of defendants' land were condemned and for convenience in the pleadings and evidence they were referred to as Tract 1 and Tract 2. Tract 1 is not involved in this appeal and no further reference will be made to it.)

Upon the filing of plaintiff's petition, the district judge appointed three commissioners to assess the damages which defendants would sustain by the appropriation of their land. The sum assessed by the commissioners was deposited with the court clerk for the use of the defendants. Defendants then filed a written demand for a jury trial to determine the award to be made for the taking of their property. After the jury was selected and before witnesses testified the court, jury, parties and counsel viewed the premises. At that time new construction of highways had not begun in the vicinity of Tract 2 although stakes had been set at the three corners of Tract 2. At the conclusion of the jury trial the jury rendered its verdict fixing the compensation separately as to each of the two tracts. Plaintiff filed a motion for new trial within the time allowed by law. Before any hearing or ruling was made on such motion, plaintiff filed a motion to dismiss the condemnation proceedings as to Tract 2 on the grounds that it did not require Tract 2 and thereby abandoned it.

The matter came on for hearing on plaintiff's motion to dismiss on June 2, 1959, at which time plaintiff and defendants presented witnesses on the issue of whether plaintiff had abandoned its condemnation of Tract 2. The matter was continued and on September 19, 1960, the court, parties and counsel again visited the scene and viewed the premises at which time measurements were taken concerning the boundaries of Tract 2. Further hearing was had and testimony taken by the court on October 4, 1960, at the conclusion of which the trial court overruled plaintiff's motion to dismiss. Plaintiff filed a motion for rehearing which was argued, and an order was made overruling the motion for rehearing and again denying plaintiff's motion to dismiss. Plaintiff appeals from the order.

Plaintiff's main contention on appeal is that the trial court erred in failing to grant its motion to dismiss as to Tract 2. Plaintiff cites the cases of Epperson v. Johnson, 190 Okl. 1, 119 P.2d 818; Board of Com'rs of Pontotoc County v. Rayburn, 192 Okl. 624, 138 P.2d 820; and Oklahoma Turnpike Authority v. Dye, 208 Okl. 396, 256 P.2d 438; for the rule that an eminent domain proceeding may be abandoned, even after a jury trial and a verdict fixing the amount of compensation, before the condemnor takes such possession as will give the landowner a vested right of compensation. Defendants agree that such is the true rule but point out that the evidence presented at the hearings on plaintiff's motion to dismiss sustains the order of the trial court for the reason that such evidence shows that plaintiff did, in fact, take possession of Tract 2.

At the hearing on October 4, 1960, plaintiff introduced the contract between plaintiff and Curry Construction Company (hereafter referred to as Curry) dated December 29, 1959, to show that Tract 2 had been deleted from the highway building project and that the contract and plans called for construction only up to the boundaries of Tract 2. One of plaintiff's witnesses testified that work began under

such contract on January 19, 1960. The highway department resident engineer in charge of the project from July, 1960 to the date of hearing testified that Curry was not authorized to go onto Tract 2 and that he never saw Curry working inside the boundaries of Tract 2. The highway department junior engineer who was in charge of inspection on the project from its beginning testified that Curry "might have possibly" done excavation work inside Tract 2 and in answer to a question as to how far inside Tract 2 it extended he stated that it "shouldn't have been over six or eight inches."

At the same hearing one of the defendants testified that he had visited Tract 2 every week and sometimes more often than that, and that every time he was there he saw Curry working inside Tract 2. When asked whether he had seen construction work, digging or drainage work, or any dirt, refuse or other materials piled inside the boundaries of Tract 2, he answered in the affirmative. He stated that a highway department employee was present when such was taking place. He said that on one occasion he told a Curry employee to get off his property, but was told by the employee that the highway department superintendent told him to go back to work there. This evidence was elicited by plaintiff in cross-examining defendant and was not disputed. The dimensions of Tract 2 are 138′ x 144′ x 40′. The east to west line of 40 feet is the southern boundary of Tract 2 and the two long sides of the triangular tract meet at a point almost due north of the southern boundary line. Defendants own a rock building the corner of which is located just south of the southern boundary line of Tract 2. Witnesses fixed the distance from the building to the southern boundary line of Tract 2 at about 20 to 40 feet. Defendant measured from his building to the edge of the construction work on Tract 2 and found that distance to be 92 feet. The effect of such testimony is that construction work was being done in all except the southern 52 to 72 feet of

such triangular tract. It appears from this testimony that approximately one half of Tract 2 was constantly being used by Curry in its construction work. Another of defendants' witnesses testified that the construction was being done on all but 30 feet of Tract 2 which would indicate that well over half of Tract 2 was involved.

■ In both Oklahoma Turnpike Authority v. Dye, supra, and Board of County Com'rs of Pontotoc County v. Rayburn, supra, we held:

"Actual possession by condemnor that will preclude abandonment of eminent domain proceedings is not a fugitive or temporary trespass, but such a possession as will give the landowner a vested right of compensation."

■ The conclusion of the trial court that plaintiff's possession in the instant case did in fact amount to more than a fugitive or temporary trespass and was an actual possession by plaintiff is supported by competent evidence and is not against the clear weight of the evidence. Here the possession, in the form of construction work, covered over half of the tract and occurred continually over a period of approximately nine months.

■ The instant case is more nearly analogous in principle to City of Ardmore v. Donham, Okl., 328 P.2d 438, wherein we held:

"A condemnor may discontinue and abandon condemnation proceedings and refuse to pay the damages assessed by the commissioners, but the filing of a dismissal does not necessarily constitute an abandonment, and if, as in this case, soon after filing a dismissal the condemnor takes other property owned by condemnee adjacent to that described in the petition, for the same purpose as that set forth in the petition, the condemnor has not abandoned the proceedings."

In the case at bar plaintiff asserted possession by its acts in connection with a large part of the tract it had condemned,

and for the same purpose as set forth in its petition. Therefore plaintiff did not abandon the proceedings.

 Plaintiff's second proposition is that the sovereign may not be said to have taken actual possession of Tract 2 in this condemnation proceedings through the acts of its agents, servants and employees and cites as authority Sweeney v. Dierstein, 170 Okl. 566, 41 P.2d 673. The case is not authority for plaintiff's proposition. Neither are other cases applicable here, which are cited by plaintiff to the effect that the sovereign is not liable for the torts of its agents, servants and employees. The instant case was commenced by the Department of Highways under authority of 69 O.S.1961 § 46, which provides in part as follows:

"(1) The Department of Highways of the State of Oklahoma is hereby authorized to acquire in the name of the State of Oklahoma by purchase, donation, or condemnation, lands or such interest therein as in its discretion may be necessary for the purpose of establishing, constructing and maintaining State Highways * * *.

\* \* \* \* \* \*

"(4) Immediately upon payment to the Clerk of said Court for the use of said owner the sum so assessed and reported to him as aforesaid, the Department of Highways shall thereby be authorized to enter upon the condemned premises, and remove and dispose of any obstructions thereon, by sale or otherwise. If the land owner shall refuse to deliver up possession to the Department of Highways, the Court shall issue an order to the Sheriff of said County to place the Department of Highways in possession thereof."

Under that statute the Department of Highways, through its agents, servants and employees, had an absolute right to possession of such property as may be necessary for the purpose of establishing, constructing and maintaining state highways after the department had deposited with the court clerk the sum assessed by the commissioners. Based on the facts in this case, the trial court was warranted in deciding that actual possession of Tract 2 was taken by the Department of Highways.

We find no error was committed by the trial court in overruling plaintiff's motion to dismiss the condemnation proceedings.

Affirmed.