Argued December 20, 1976, reversed and remanded February 8, 1977

CITY OF SILVERTON, *Respondent,*
*v.*
PORTER et al, *Appellants.*
(No. 80261, CA 6050)
559 P2d 1297

A. B. Cummins, Jr., Salem, argued the cause for appellants. With him on the briefs were Rhoten, Rhoten & Speerstra, and Geo. A. Rhoten, Salem.

Dennis W. Bean, Silverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

In May, 1973, the City of Silverton commenced an action for condemnation of defendants' land and, pursuant to ORS 35.265,[1] obtained a court order granting it "immediate possession of and the right to occupy defendants' property * * * for the purpose for which it is being condemned * * *." The City deposited with the court the sum of $12,600, as estimated just compensation for the property. Defendants withdrew the money, paid taxes on it and used it for their own purposes.

The City enjoyed exclusive, continuous and uninterrupted possession from May, 1973, until June 18, 1975, when it filed an election to abandon the condemnation action. The City's only use of the land during that time was for occasional surveying operations and incidental brushing out and cutting of regrowth trees. No judgment of condemnation was entered.

On February 27, 1976, the circuit court entered an order allowing the City's election to abandon the condemnation action and requiring defendants to repay the City the sum of $12,600. Thereafter the court entered an order awarding attorney and appraiser fees to defendants, but denying them compensation for loss of use of their property while in the possession of the City. Defendants appeal, asserting both of these orders to be erroneous.

---

[1] ORS 35.265 provides:

"(1) When a public condemner commences an action for the condemnation of property and immediate possession of the property is considered necessary by the public condemner, a fund shall be created in the amount estimated to be the just compensation for the property and placed in the hands of the treasurer of the public condemner for deposit with the clerk of the court wherein the action was commenced, for the use of the defendants in the action.

"* * * * *

"(3) Upon the deposit in court by the public condemner of the estimated amount of just compensation as provided by subsections (1) and (2) of this section, no interest shall be allowed thereon in any final judgment."

## I. Abandonment

Defendants contend that it was improper to permit the City to abandon the condemnation action after it had taken prejudgment possession of the land pursuant to ORS 35.265 and had maintained that possession continuously and exclusively for more than two years. We are thus asked to reconsider our rejection of this argument in *Port of Newport v. Haydon,* 10 Or App 271, 498 P2d 825, *rev den* (1972), in light of the changes in the law of eminent domain caused by the subsequent adoption of the General Condemnation Procedure Act. Oregon Laws 1971, ch 741; ORS 35.205-35.415.

As we noted in *Port of Newport,* 10 Or App at 275, the general rule is that prejudgment possession by the condemner does not preclude abandonment unless that possession results in a transfer of title, thereby creating in the divested condemnee a right to compensation. *See* 6 Nichols, Eminent Domain § 26.42(1) (3rd ed 1970). The passage of title in a condemnation action is controlled by statute. ORS 35.265, like its forerunner, former ORS 35.060, allows a condemner to obtain possession of land pending judgment, but it does not provide for the passage of title. The General Condemnation Procedure Act made no substantive changes in the provisions controlling when title to condemned land passes and when, as a general rule, the condemner may elect to abandon. Under both the former and the present statutory scheme, title passes only upon entry of a judgment of condemnation and payment into court, by the condemner, of the compensation assessed by the jury.[2] Moreover, under both the

---

[2] ORS 35.325 provides:

"Upon the assessment of the compensation by the jury, the court shall give judgment appropriating the property in question to the condemner, conditioned upon the condemner's paying into court the compensation assessed by the jury; and, after the making of such payment, the judgment shall become effective to convey the property, and the right of possession thereof to the condemner if not previously acquired."

new and the old statutory schemes, the condemner may elect to abandon at any time within 60 days after entry of a verdict fixing the amount of compensation.[3]

These provisions are consistent with the pattern generally found in judicial condemnation jurisdictions. *See* 6 Nichols, Eminent Domain § 26.42 (3rd ed 1970). The most common justification for preserving the abandonment option until after a jury has determined the amount of compensation is that a public body cannot assess the feasibility of a project until its cost has been determined. Thus public policy requires that a condemner be allowed to abandon a project, even though possession has been taken, if the cost of condemnation is prohibitive. *Port of Newport v. Haydon,* 10 Or App at 278; 6 Nichols, Eminent Domain, supra.

In such a case abandonment may work a hardship on a condemnee who must repay all or a portion of the money which he received under ORS 35.265. That hardship, however, is no different than that which may result where the jury awards as compensation an amount significantly less than the sum paid to the condemnee pending judgment, the condemnation is

Former ORS 35.100 provided:

"Upon the assessment of the damages by the jury, the court shall give judgment condemning the land, right or easement in question to the plaintiff, conditioned upon the plaintiff's paying into court the damages assessed by the jury; and after the making of such payment the judgment shall become effective to pass title and the right of possession to the plaintiff."

[3] ORS 35.335(3) provides:

"An action is considered abandoned if, at any time after filing a complaint, the case is dismissed or terminated or the condemner files an election not to take the property. If an election is not filed within 60 days after the verdict, the condemner is considered to have elected to take the property."

Former ORS 35.105(3) provided:

"The action shall be considered abandoned if the plaintiff files an election not to take the property. If such an election is not filed within 60 days after the verdict, the plaintiff is deemed to have elected to take the property."

completed, and the condemnee must pay back the balance.

Notwithstanding minor changes in language and unrelated substantive amendments, there is nothing in the General Condemnation Procedure Act or in its legislative history which suggests a legislative intent to foreclose the option of abandonment where the condemner takes prejudgment possession. We therefore adhere to our holding in *Port of Newport v. Haydon, supra,* and conclude that the trial judge properly allowed the City of Silverton's election to abandon.

## II. Compensation for Use

A condemner which takes prejudgment possession of property and subsequently elects to abandon its condemnation action is liable in damages to the condemnee both for loss of use of the land and for physical injuries thereto.[4] In such a case, abandonment reduces the property interest to be evaluated and compensated for from a fee simple to temporary possession, analogous to a leasehold. *See United States v. Dow,* 357 US 17, 78 S Ct 1039, 2 L Ed 2d 1109 (1958).

The legislature has made no separate provisions for determining the amount of compensation for such possession. Rather, ORS 35.215(5) has defined the term "property," as used in the Act, to include "real or personal property or any interest therein of any kind or nature, that is subject to condemnation." Prejudgment possession of land is such an interest. Thus it follows that compensation for prejudgment possession

---

[4] *Port of Newport v. Haydon,* 10 Or App 271, 279 n. 6, 498 P2d 825 (1972). The condemnee's right to compensation is of constitutional origin. Art I, § 18, Oregon Constitution, provides that "[p]rivate property shall not be taken for public use * * * without just compensation * * *." The right to compensation also inheres in the Due Process Clause of the United States Constitution. 1 Nichols, Eminent Domain § 4.8 (3rd ed 1970). *See generally* 2 Nichols, Eminent Domain § 6.11 (3rd ed 1970); 92 ALR2d 357, 398, § 9 (1963).

should be determined according to the terms of the General Condemnation Procedure Act, ORS 35.375.[5]

Those procedures were not followed in this case. Nor did the trial court make a specific finding as to the appropriate amount of compensation. Rather, without making any computations, the court concluded that the compensation owed for use of the land was roughly offset by the interest which defendants owed on money which they had received under the immediate possession statute.

The trial court found, however, that "there is no indication that the land would have been used for anything but grazing had it not been taken," although defendants offered evidence that the land could have been rented for the purpose of growing Christmas trees. The fair market value of possession is evaluated according to the same principles as any other taking. The highest and best use to which the land, in its present state, could be put is relevant to that evaluation, *Highway Com. v. Assembly of God et al,* 230 Or 167, 368 P2d 937 (1962), and such evidence should be considered upon remand.

As to interest, ORS 35.265(3) provides that when a condemner deposits with the court the estimated amount of just compensation, "no interest shall be allowed thereon in any final judgment." In the usual situation, this provision would preclude a condemnee's recovery of interest upon a final judgment of condemnation up to the amount paid in. While the statute does not expressly apply to the converse situation, absent any specific provision to the contrary, we construe it to be equally applicable where, as here, the condemner claims interest upon the money which the condemnee is required to return.

_____

[5] ORS 35.375 provides:

"Except as provided in ORS 368.405 to 368.540, any action for the condemnation of property under the power of eminent domain shall be conducted according to this chapter."

Thus, the trial court erred in not following the appropriate procedures, in failing to compute the actual amount of damages and in ordering a setoff. The case must therefore be remanded for proceedings consistent with this opinion.

### III. Defendants' Expenses

Pursuant to ORS 35.335,[6] defendants were awarded attorney and appraiser fees. Defendants contend that the trial court abused its discretion in allowing as appraiser fees less than the amount claimed in the cost bill. The assessment of reasonable expenses is a question of fact for the trial court and will be affirmed if it is supported by any substantial evidence. *Urban Renewal v. Starr Foods, Inc.,* 16 Or App 475, 519 P2d 101 (1974). The amount of appraiser fees awarded by the trial court was well within the amount estimated to be reasonable by expert witnesses and was therefore proper.

Reversed and remanded.

---

[6]ORS 35.335 provides in pertinent part:

"(1) If an action is abandoned by the condemner, the court shall enter judgment in favor of the defendant for his costs and disbursements in the action and for reasonable attorney fees and reasonable expenses as determined by the court.

"(2) Expenses mean costs of appraisals and fees for experts incurred in preparing and conducting the defense to the action.