THE PEOPLE *ex rel.* THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* NORTHERN TRUST COMPANY, Trustee, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-1574

Opinion filed May 4, 1978.

William J. Scott, Attorney General, of Chicago (Frank S. Righeimer, Jr., and Frank R. Martin, Assistant Attorneys General, of counsel), for appellant.

Foran, Wiss & Schultz and Kearney & Phelan, both of Chicago (Robert E. Wiss and Edward Q. McCarthy, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The attorneys for the defendant were awarded an attorneys' fee of $1,750 for their work in a condemnation proceeding. The plaintiff appeals from the order of the trial court awarding the defendant's attorneys a fee.

The sole issue presented for review is whether or not the trial court erred in awarding attorneys' fees.

The facts of the case are on September 22, 1975, the plaintiff filed a petition to condemn certain property owned by the defendant, located at Roosevelt Road and Harlem Avenue, in the Village of Forest Park, Illinois. The Department of Transportation of the State of Illinois wished to acquire 312.5 square feet of the defendant's property. The petition to condemn included a motion for a "quick take," as provided for in the Eminent Domain Act (Ill. Rev. Stat. 1975, ch. 47, par. 2.1). Three appraisals of the property were obtained by the State: one was for $4,511; one was for $18,700; and the third was for $17,000. The parties entered into various negotiations and the improvement was redesigned so as to take only part of the defendant's property and to reduce the resultant damages to the remainder. The Department then amended its petition so as to take only 50 square feet of defendant's property, in a corner of the lot where it would not substantially interfere with the defendant's use of the remainder of the property. A "quick take" order was then entered by the trial court. The defendant then filed a petition for attorneys' fees and costs. The matter was continued for briefing and hearing. Both sides filed briefs and the trial court held a hearing on the matter. At the conclusion of the hearing the trial court entered an order awarding the attorneys for the defendant fees and costs of $1,750 and there was a stipulation entered into for an award to the defendant of $750 as just compensation for the taking of the property. The State subsequently filed a motion to vacate the award of fees or in the alternative, to amend the order to make it

appealable. The trial court amended the order and the State brought this appeal.

The State contends the amendment to their petition which reduced the taking from 312 square feet to 50 square feet, and which reduced the potential award from $18,700 to $750, and which removed the question of damage to the remainder does not amount to a dismissal or abandonment, and as only a mere amendment, the statute therefore does not provide for the award of any attorneys' fees. As the Illinois Supreme Court said in *Department of Public Works v. Lanter* (1958), 15 Ill. 2d 33, 38-39:

> "Under the reasoning of the court in *Lieberman v. Chicago and South Side Rapid Transit Railroad Co.*, 141 Ill. 140, 150, an amendment substituting other property for that originally described, rather than giving a fuller and more certain description of the original property, will be deemed tantamount to a new petition. * * * Such an interpretation is consistent with the purport of section 10, which is designed to compensate defendants for attorney fees and other specified expenses incurred in defending discontinued condemnation proceedings or those involving unpaid awards."

In the instant case the filing of the amended petition for less than one-sixth of the area encompassed by the original petition as well as the taking of a portion of the defendant's property which would result in no damage to the remainder, thus saving the State approximately $14,500 in damages, is tantamount to the filing of a new petition. The trial court was correct in determining the State was responsible for attorneys' fees for the defendant pursuant to section 10 of the Eminent Domain Act (Ill. Rev. Stat. 1975, ch. 47, par. 10). Since the amount of the attorneys' fees was not questioned by the State, we need not consider the question.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.