2009 OK CIV APP 83

STATE of Oklahoma ex rel. DEPART-
MENT OF TRANSPORTATION,
Plaintiff/Appellant,

v.

Gary MINOR, Michael Ray Minor, and
The Marshall County Treasurer,
Defendants/Appellees.

No. 106,003.

Court of Civil Appeals of Oklahoma,
Division No. 2.

April 21, 2009.

Rehearing Denied June 15, 2009.

Certiorari Denied Oct. 5, 2009.

Barry K. Roberts, Norman, Oklahoma and William Bailey Cook, III, William Bailey Cook, III, P.C., Ada, OK, for Appellant.

K. Ellis Ritchie, Ryan M. Roberts, K. Ellis Ritchie, P.C., Pryor, OK, for Appellee Gary Minor.

DEBORAH B. BARNES, Presiding Judge.

¶1 In this condemnation action, the State of Oklahoma *ex rel.* Department of Transportation (ODOT) appeals the trial court's May 29, 2008, Journal Entry of Judgment, granting attorney fees, appraisal fees, engineering fees, and costs to the appellee landowner, Gary Minor (Minor).[1]  Minor requests attorney fees for this appeal.  After reviewing the facts and applicable law, we affirm and remand for further proceedings on Minor's appeal-related attorney fees request.

## FACTS

¶2 This appeal arises from two separate condemnation proceedings filed by ODOT in Marshall County.  ODOT filed its first condemnation petition on May 12, 2006.  The trial court appointed commissioners on August 24, 2006, who returned a report setting Minor's compensation at $49,700 for the taking of a utility easement. In October 2006, both ODOT and Minor filed demands for a

---

1. ODOT does not challenge the trial court's computation of the total amount of the award, only the trial court's authority to make the award.

jury trial. On November 8, 2006, the trial court ordered the compensation due Minor, which had been previously paid into court, to be disbursed to Minor's counsel, in trust for Minor.

¶3 On that same day, the trial court set a trial date for the matter—February 12, 2007. On December 6, 2006, ODOT served Minor with a Ten Day Notice to Quit, ordering him to remove his personal property and vacate the property taken by eminent domain. Minor states in his "Reply to Plaintiff's Response to Application for Fees and Costs" that he complied with ODOT's demand to remove all personal property and vacate the property taken.[2] In response, ODOT does not dispute it asserted its right to dominion and control over Minor's property by serving the Notice to Quit; nor has ODOT denied that Minor removed his property from the condemned area. ODOT only denies that it physically entered, or took possession of, Minor's property.

¶4 The parties conducted discovery and prepared for the February 12, 2007, trial date. At the pretrial conference on February 7, 2007, the trial court made an evidentiary ruling prohibiting ODOT from introducing evidence of a new construction plan ODOT wanted to present to the jury in order to mitigate the compensation damage award at trial. On February 9, 2007, two days after the pretrial conference and just three days before the trial was to begin, ODOT voluntarily dismissed the case without prejudice. On that same day, ODOT filed a second condemnation lawsuit to take the same easement across Minor's property, but under a new construction plan.[3] ODOT's admitted motive for filing the second condemnation action was to circumvent the adverse pretrial conference evidentiary ruling in the first action, which prohibited ODOT from discussing its new construction plan. The trial court excluded evidence of ODOT's changed plan because Minor had incurred substantial expenses—$33,604.71 in attorney fees, appraisal fees and engineering fees—while preparing for trial based on the original construction plan.[4]

¶5 The trial court awarded Minor these fees and costs incurred in the first condemnation case under 27 O.S.2001 § 11(2) and pursuant to the trial court's inherent equitable powers. ODOT appeals the trial court's award.

¶6 The issue on appeal is whether the trial court erred as a matter of law in holding that the timing of ODOT's voluntary dismissal of the condemnation action constituted an abandonment under 27 O.S.2001 § 11(2), which authorizes the payment of fees and costs to the landowner. We hold that the voluntary dismissal of the first condemnation proceeding, under the circumstances presented, constituted an abandonment of the condemnation action, entitling Minor to an award of fees and costs under 27 O.S.2001 § 11(2).[5] We further hold that Minor is entitled to appeal-related attorney fees.

### STANDARD OF REVIEW

¶7 Oklahoma follows the American Rule—attorney fees may not be awarded ab-

---

2. See Minor's counsel's statement to the trial court at Transcript, February 14, 2008, at pp. 10–11.

3. In this second condemnation action, which proceeded through trial, Minor incurred attorney fees, appraisal fees, and costs, totaling $24,444.80. Minor was awarded these fees and costs under 27 O.S.2001 § 11(3) because the jury verdict exceeded the commissioners' report by more than ten percent. ODOT stipulated to this award.

4. The trial court stated:

Pursuant to statute and pursuant to case law $33,604.71 is awarded.... The reason is [the first action] was dismissed shortly before trial after everything was already prepared. In the Court's view this was unnecessary work and the landowner certainly is not to be stuck with it. I think the statute provides for that. The other part it provides for—the case provides for is I think it is under the superintending powers of the Court and the powers of the Judge to see that litigation is orderly prepared and proceeds and in good faith. If the case is shortly dismissed before trial after everything is prepared when there's an error on one side, they made a mistake, and oops, in the Court's view that is a sanction. I'm going to award this both under statute and under sanction.... Transcript, February 14, 2008, p. 8.

5. Because Minor is entitled to an award of attorney fees under 27 O.S.2001 § 11(2), we need not reach the issue of attorney fees under the court's inherent equitable powers.

sent statutory authority or an enforceable contract. *Keel v. Covey*, 1952 OK 86, 241 P.2d 954. The trial court's award of attorney fees is based, in part, upon statutory construction. An issue of statutory construction is a question of law, subject to *de novo* review and over which appellate courts exercise plenary, independent and non-deferential authority. *Stump v. Cheek*, 2007 OK 97, 179 P.3d 606; *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, 859 P.2d 1081.

## ANALYSIS

¶ 8 It is settled law that the constitutional eminent domain provisions "are not grants of power, but limitations placed upon the exercise of power." *City of Pryor Creek v. Public Service Company of Oklahoma*, 1975 OK 81, ¶ 8, 536 P.2d 343, 345. The framers of the Oklahoma Constitution likewise recognized "that to protect both life and property is the first duty of government." *Board of County Commissioners of Muskogee County v. Lowery*, 2006 OK 31, ¶ 10, 136 P.3d 639, 646. (Citation omitted.)

¶ 9 The legislative power of the State includes the power of eminent domain, which is the inherent power of an entity to take private property for public use. Article 2, § 24 of the Oklahoma Constitution acts as a limitation on this inherent power by providing that private property may not be taken for public use without just compensation. Condemnation proceedings are special proceedings recognized as such by the Oklahoma Constitution, for which the Oklahoma Legislature has provided special statutes setting forth procedural requirements for the taking of property. *See State of Oklahoma ex rel. Department of Transportation v. Perdue*, 2008 OK 103, 204 P.3d 1279.

¶ 10 In determining whether ODOT abandoned the original proceeding under 27 O.S.2001 § 11(2), we are guided by the long-standing general rule of strict statutory construction of eminent domain statutes. *City of Cushing v. Gillespie*, 1953 OK 121, 208 Okla. 359, 256 P.2d 418. Additionally, "[w]e adhere to the strict construction of eminent domain statutes in keeping with our precedent, mindful of the critical importance of the protection of individual private property rights as recognized by the framers of both the U.S. Constitution and the Oklahoma Constitution." *Lowery* at ¶ 11, 136 P.3d at 647.

¶ 11 The applicable statute, 27 O.S.2001 § 11, provides as follows:

Where a condemnation proceeding is instituted by any person, agency or other entity to acquire real property for use as provided in Section 9 of this title and

1. The final judgment is that the real property cannot be acquired by condemnation;

2. The proceeding is *abandoned;* or

3. If the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceedings. Such determination by the court shall be appealable to the Supreme Court in the same manner as any other final order. The final award of such sums will be paid by the person, agency or other entity which sought to condemn the property. (Emphasis added.)

¶ 12 Although a plain reading of the statute suggests a voluntary dismissal would imply the "proceeding is abandoned," Oklahoma courts have held that a mere dismissal alone is not equivalent to an abandonment. Abandonment is a question for the trial court. *See City of Ardmore v. Donham*, 1958 OK 171, 328 P.2d 438.

¶ 13 Under the rule announced in *Oklahoma Turnpike Authority v. Dye*, 1953 OK 109, 208 Okla. 396, 256 P.2d 438, a condemnor has the right to abandon condemnation proceedings and decline to pay the commissioners' award if the landowner's possessory rights have not been disturbed. If an abandonment occurs, it then triggers a landowner's rights to recover fees and costs from the condemning authority pursuant to 27 O.S.2001 § 11.

■ ¶14 The relevant question in this case is what degree of possessory interference prior to voluntary dismissal of the original case is required to constitute an abandonment. ODOT argues that Minor's possessory rights were not disturbed to the requisite degree because no physical invasion of his property occurred prior to the dismissal. ODOT noted that it served Minor with a written demand that he vacate the area of the property which ODOT had taken. Minor alleges he complied with the demand by removing his property from the premises, and ODOT does not deny ordering Minor to leave or that Minor removed his property. ODOT merely denies physically entering onto Minor's property.

■ ¶15 A landowner's possessory rights are interfered with when ordered to vacate an area taken by eminent domain. Had Minor failed to comply with ODOT's Notice to Quit, he would have been subject to forcible removal by the sheriff.[6] Being served a Notice to Quit by a condemning authority is a requisite degree of interference with one's possessory rights such that a subsequent voluntary dismissal by the condemnor is an "abandonment of the proceeding" under 27 O.S.2001 § 11(2). And, the date of a taking is the date a condemnor makes its payment into court. *See State of Oklahoma ex rel. Department of Transportation v. Perdue*, 2008 OK 103, 204 P.3d 1279.

¶16 The Oklahoma Court of Civil Appeals recently addressed the issue of attorney fees and costs when an abandonment occurs in *State of Oklahoma ex rel. Department of Transportation v. Chelsea Butane Co.*, 2004 OK CIV APP 48, 91 P.3d 656. In *Chelsea Butane*, ODOT amended its petition after 21 months, changing an "in fee" taking to an easement taking. ODOT obtained a new commissioners' report as to the easement. The issue the *Chelsea Butane* court faced was whether ODOT had abandoned the original proceeding by amending the petition that changed the nature of the taking. The court noted that "[t]he financial consequences are present to prevent abuse of the power of eminent domain and to insure that the condemnee is made whole when the eminent domain power is exercised." *Chelsea Butane* at ¶16, 91 P.3d at 661.

¶17 In *Chelsea Butane*, the court formulated a balancing test to determine what circumstances should be deemed an abandonment triggering a landowner's right to fees and costs under § 11(2). The factors in the test are: "(1) whether the case was dismissed voluntarily; (2) the passage of time or how long the case has been pending; (3) changes in the quantum or description in the property taken; and, (4) the motive and reasonableness of the condemnor's action in amending the petition." *Id.*

¶18 In *Chelsea Butane*, the court lacked the evidence of record as to ODOT's motive or intent in amending its petition; therefore, it reversed and remanded the case for further proceedings. In the instant case, however, we have the following evidence:

(1) ODOT voluntarily dismissed its case two days after the pretrial and the adverse evidentiary ruling and three days before trial. That same day, ODOT filed the new condemnation action to take the same property easement.

(2) The original case was pending for nearly nine months. The commissioners' report was based on the original construction plan. The parties prepared for trial based on the original construction plan. Minor incurred substantial expenses preparing for a trial based on the original construction plan, only to have ODOT voluntarily dismiss and file a new proceeding under a new construction plan, which caused Minor to incur additional litigation costs in the subsequent action.

(3) The new construction plan was to take the same easement, but under a different plan of construction.

**6.** Title 69 O.S.2001 § 1203(d) provides:
Immediately upon payment to the clerk of the court for the use of the owner the sum so assessed and reported to the court clerk as aforesaid, [ODOT] shall thereby be authorized to enter upon the condemned premises, and remove and dispose of any obstructions thereon, by sale or otherwise. If the landowner shall refuse to deliver up possession to [ODOT], the court shall issue an order to the sheriff of the county to place [ODOT] in possession thereof.

(4) ODOT's admitted reason for dismissing and filing a new condemnation proceeding was to circumvent an adverse evidentiary ruling, prohibiting it from introducing evidence of a new construction plan.[7] ODOT's choice forced Minor to prepare for a second trial based on a new commissioners' report.

¶ 19 Therefore, we hold that ODOT's Notice to Quit, followed by its voluntary dismissal of the first action and refiling of a new action in order to circumvent an adverse pretrial evidentiary ruling, which caused Minor to incur substantial expenses and fees for nine months of trial preparation, constitutes an abandonment under 27 O.S.2001 § 11(2). Section 11 gives Minor the right to recover attorney, appraisal, and engineering fees.

¶ 20 Minor requests an appeal-related attorney fee award in this matter.[8] In its Reply Brief, ODOT did not acknowledge or oppose this request.

¶ 21 Title 27 O.S.2001 § 11 provides for reasonable attorney fees actually incurred because of the condemnation proceedings. Further, we must be mindful that a landowner is entitled to be compensated fully when his property is taken by the government in the exercise of its power of eminent domain. The landowner should be placed as fully as possible in the same position as before the taking. *Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks,* 1994 OK 9, 870 P.2d 762. Therefore, we find that Minor is entitled to an appeal-related attorney fees award. We remand this matter to the trial court for a hearing to determine, pursuant to *Root v. KAMO Electric Cooperative, Inc.,* 1985 OK 8, 699 P.2d 1083, the reasonable amount of the fees to be awarded as measured by the landowner's reasonable obligation to his lawyer under their contract. *State of Oklahoma ex rel. Department of Transportation v. Norman Industrial Development Corp.,* 2001 OK 72, 41 P.3d 960.

## CONCLUSION

¶ 22 For all of these reasons, we find the trial court's judgment is affirmed. We remand Minor's request for attorney fees on appeal to the trial court for further proceedings to determine the appropriate amount of fees on appeal.

¶ 23 **AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, V.C.J., and GOODMAN, J., concur.

---

7. "The case was dismissed only because the trial court made an erroneous ruling during the pretrial conference that, in effect, forced ODOT to dismiss [the first action] prior to trial. Specifically, as counsel for Mr. Minor noted, 'At the Pre–Trial Conference, the Court made an evidentiary ruling that it was not going to allow [ODOT] to introduce evidence of changed plans in order to mitigate damages.'" *See* Brief in Chief of Appellant, p. 14. Although ODOT relies on *State of Oklahoma ex rel. Department of Highways v. Maloney,* 1975 OK CIV APP 35, 537 P.2d 464, for the proposition that a trial court in a condemnation action commits error when it refuses to permit the condemnor to introduce into evidence the actual plans used in the construction of the project for which the land had been taken, we find that case inapplicable to the instant case. The *Maloney* court was not faced with a voluntary dismissal of a condemnation action, after discovery and immediately before trial, and a subsequent refiling as to the same property, only with a different construction plan.

8. Rule 1.14, Okla. Sup.Ct. Rules, 12 O.S.2001, Ch. 15, App. 1.